JACK RUSSO (State Bar No. 96068)
MICHAEL RISCH (State Bar No. 197600)
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Tel.: 650-327-9800
Fax: 650-327-3737
Email: jrusso@computerlaw.com
Email: mrisch@computerlaw.com

Attorneys for Plaintiff
YIELD DYNAMICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YIELD DYNAMICS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TEA SYSTEMS CORPORATION, a Pennsylvania corporation; SUB-LAMBDA SYSTEMS, a Pennsylvania corporation; TERRENCE E. ZAVECZ, an individual; DONNA ZAVECZ, an individual,<br><br>Defendants. | Case No. C06-00331 PVT<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Yield Dynamics, Inc. ("YDI") alleges as follows against Defendants TEA Systems Corporation and Sub-Lambda Systems, Inc. (collectively "TEA") and Terrence E. Zavecz and Donna Zavec (collectively "Zavecz"):

**NATURE OF ACTION**

1. This is an action for copyright infringement based upon Defendants TEA's and Zavecz's (collectively, "Defendants") having improperly and willfully reproduced, adapted, and distributed and/or willfully caused the reproduction, adaptation and distribution of computer source code belonging exclusively to YDI to a customer of TEA, without authority or permission from YDI, and for Defendants' sole benefit.

Complaint for Copyright Infringement

## JURISDICTION AND VENUE

2. This Court has jurisdiction, and venue is proper, pursuant to 28 U.S.C. §1338 and §1391, respectively, as this action raises a federal question, a substantial part of the events giving rise to this action took place in this district, and the sale of software at issue involved a California corporation found in this district and at least one act of infringement took place in this district.

## THE PARTIES

3. YDI is a corporation duly organized and existing under the laws of the State of California, having its principal place of business in Santa Clara County, California. YDI is a worldwide leader in the development and marketing of yield management and automated lithography process control software for the semiconductor industry ("Yield Management Software"). Yield Management Software is used by semiconductor manufacturers to identify, analyze and correct defects or other problems occurring in the semiconductor manufacturing process, resulting in greater yield, and therefore profitability, from such process.

4. TEA Systems, Inc. is or purports to be a Pennsylvania corporation with its principal offices in Alburtis, Pennsylvania. TEA Systems is in the business of designing and marketing lithography process control software. YDI is informed and believes that TEA does a substantial part of its business with companies based in Santa Clara County, California, within this district. YDI is informed and believed that TEA Systems markets certain software products including Weir PSFM, Weir PW, Weir DM, Weir DMA, LithoWorks PW, and LithoWorks PEB (collectively the "Weir Software").

5. Sub-Lambda Systems ("SLS") is or purports to be a Pennsylvania corporation that markets and attempts to sell Weir Software.

6. Terrence E. Zavecz is an individual residing in Pennsylvania, and at relevant times during his employment at YDI, resided in California. Zavecz is the President of Defendant TEA Systems Corporation, and YDI is informed and believes that he is the sole active employee of TEA. YDI is informed and believes that Mr. Zavecz is the sole author (other than YDI as set forth below) of the Weir Software.

7. Donna Zavecz is an individual residing in Pennsylvania. YDI is informed and believes that Donna Zavecz is the majority shareholder of TEA, and that she has the ability to control the board of

1  directors as well as TEA employees and thus the ability to control the unlawful actions alleged herein.

2     8.   YDI is informed and believes, and on that basis alleges, that each and every Defendant
3  was the agent and/or employee of the other Defendants sued herein, and in doing the things herein
4  alleged acted within the course and scope of such agency and/or employment.

## BACKGROUND FACTS

6     9.   On or about May 21, 1999 Yield Dynamics and Defendant Zavecz and his wife Donna J.
7  Zavecz signed an Agreement of Purchase and Sale of Assets (the "Asset Agreement") whereby Yield
8  Dynamics purchased the intellectual property of TEA, including the source code of products known as
9  OASnt, FPAex, and MAPA (collectively the "Purchased Software").

10     10.   From approximately May 21, 1999 to January of 2001, Zavecz was an employee of YDI.
11  Zavecz was terminated for cause in January 2001.

12     11.   In January of 2001, YDI instructed Zavecz to return all proprietary materials of YDI in
13  his possession to YDI, including the Purchased Source Code, and Zavecz affirmed that he had returned
14  all proprietary materials of YDI in his possession, including the Purchased Source Code.

15     12.   On or about March 4, 2005, YDI obtained a registration of the copyright for the source
16  code MAPA (including FPAex and OASnt). A copy of the copyright registration certificate is attached
17  hereto as Exhibit 1. The purpose of the MAPA software was to automate certain functions of the OASnt
18  and FPAex programs. MAPA therefore included the source code of both FPAex and OASnt.

19     13.   The Purchased Source Code was written in the RPL a programming language, which is
20  associated with a programming environment called RS/1. YDI is informed and believes that the terms
21  "RPL" and "RS/1" are often used interchangeably. The Weir Software is written in a different language-
22  Visual Basic.

23     14.   YDI is informed and believes that portions of the Weir Software are adapted, translated,
24  or otherwise derivative works incorporating portions of the Purchased Source Code.

25     15.   YDI has notified all Defendants that it believes the Weir Software contains a derivative of
26  the Purchased Source Code.

27     16.   YDI is informed and believes that Defendants have copied, distributed, and/or otherwise
28  infringed on its exclusive rights. YDI believes that Defendants reproduced, adapted, and distributed

infringing software to at least one customer in Santa Clara County, California, and they have sought additional sales in this District and in California generally.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement [17 U.S.C. §101 *et seq.*])

17. YDI realleges each of the allegations of Paragraphs 1 through 16, above, and incorporates the same by this reference as if fully set forth herein.

18. YDI is the owner of the Purchased Source Code, which computer software code constitutes copyrightable expression and subject matter under the Copyright Act of 1976, as amended.

19. The Purchased Source Code is an original work of authorship and constitutes copyrightable subject matter under the United States Copyright Act. YDI has complied in all respects with the Copyright Act in securing for itself exclusive rights in its copyrights in the Purchased Source Code. YDI has applied for and obtained a certificate of copyright registration from the Register of Copyrights, a true and correct copy of which is attached hereto as Exhibit 1.

20. YDI's copyright in the Purchased Source Code is valid and subsisting and is fully enforceable in accordance with the U.S. Copyright Act (17 U.S.C. Section 101 *et seq.*)

21. Defendants TEA and Zavecz had access to YDI's copyrighted works and all Defendants have copied, distributed and prepared copies and/or derivative works thereof in violation of YDI's exclusive rights under 17 U.S.C. § 106.

22. Such acts of copyright infringement by Defendants have damaged and will continue to damage YDI, and they have caused and will cause irreparable harm for which there is no adequate remedy at law. Without preliminary and permanent injunctive relief, YDI has no means by which to control the unauthorized manufacture, distribution and sale by Defendants of YDI's original, copyrighted work, as set forth above, and YDI has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate YDI if it is without the ability to prevent the continued manufacture, distribution and sale of its copyrighted works. YDI is entitled to preliminary and permanent injunctive relief prohibiting Defendants from manufacturing, distributing, displaying, selling or otherwise exploiting the Purchased Source Code or any derivative works thereof, and further is

entitled to an Order requiring the impoundment and/or destruction of all copies of such Purchased Source Code, or any derivative works thereof, in Defendants' possession, custody or control.

23. YDI is further entitled to recover from Defendants the actual damages it has sustained and will sustain as a result of Defendants' wrongful acts as herein above alleged, or alternatively and at its election, statutory damages pursuant to the Copyright Act.

24. YDI is further entitled to recover from Defendants all of the gains, profits, and advantages Defendants have obtained as a result of its wrongful acts as hereinabove alleged, in an amount to be proven at trial, together with attorneys' fees and costs due to Defendants' infringement.

## SECOND CLAIM FOR RELIEF

**(Willful Copyright Infringement [17 U.S.C. §101 *et seq.*])**

25. YDI realleges each of the allegations of Paragraphs 1 through 24, above, and incorporates the same by this reference as if fully set forth herein.

26. Defendants' copyright infringements as alleged herein were knowing and willful, in that Defendants knew or should have known that the Purchased Source Code was the copyrighted work of YDI, and in fact reproduced, adapted, and distributed derivative works of the Purchased Source Code to third parties in compiled form.

27. Defendants have knowingly, willfully and deliberately infringed YDI's copyrights and have induced, caused, and materially contributed to the infringement by end users.

28. YDI is further entitled to recover from Defendants the actual damages it has sustained and will sustain as a result of Defendants' willful wrongful acts as herein above alleged, or alternatively and at its election, statutory damages pursuant to the Copyright Act.

29. YDI is further entitled to recover from Defendants all of the gains, profits, and advantages Defendants have obtained as a result of its wrongful acts as hereinabove alleged, in an amount to be proven at trial, together with attorneys' fees and costs due to Defendants' willful infringement.

//
//
//

## PRAYER FOR RELIEF

WHEREFORE, YDI prays for judgment against all Defendants and those persons in control of or acting in concert therewith, as follows:

A. For preliminary and permanent injunctions enjoining Defendants, their officers, agents, servants, employees, and all other persons in active concert with them from directly or indirectly infringing YDI's copyrights or continuing to copy, market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived from YDI's proprietary works or participate or assist in any such activity;

B. For YDI's actual damages according to proof, and for disgorgement of any additional gains, profits, and advantages obtained by Defendants attributable to their infringements of YDI's copyrighted works, in accordance with proof;

C. For compensatory damages according to proof due to Defendants' wrongful misappropriation of YDI's property;

D. For statutory damages for Defendants infringement;

E. For punitive damages in amounts sufficient to punish Defendants for their wrongful acts;

F. For an accounting by Defendants of all gains, profits, and advantages derived from their acts of infringement and for its other violations of law;

G. For constructive trust of all benefits gained by Defendants and to disgorge all revenues and profits associated with Defendants' licensing or sale of products containing the Purchased Source Code;

H. For pre-judgment interest;

I. For its costs of suit and for its reasonable attorneys' fees as authorized by law; and

J. For such other, further, and different relief as the Court deems just and proper.

Dated: January 18th, 2006

RUSSO & HALE LLP

By: *Jack Russo*
Jack Russo

Attorneys for Plaintiff
YIELD DYNAMICS, INC.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. Rule 38, Plaintiff YDI hereby demands trial by jury of all issues triable by a jury.

Dated: January 8th, 2006

RUSSO & HALE LLP

By: /s/ Jack Russo
Jack Russo

Attorneys for Plaintiff
YIELD DYNAMICS, INC.

Complaint for Copyright Infringement                7