# EXHIBIT 1

LEXSTAT 17 USCS § 412

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

\*\*\* CURRENT THROUGH P.L. 109-237, APPROVED 6/23/2006 \*\*\*

TITLE 17. COPYRIGHTS
CHAPTER 4. COPYRIGHT NOTICE, DEPOSIT, AND REGISTRATION

**GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

*17 USCS § 412*

§ 412. Registration as prerequisite to certain remedies for infringement

In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a) [*17 USCS § 106A(a)*], an action for infringement of the copyright of a work that has been preregistered under section 408(f) [*17 USCS § 408(f)*] before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(b) [*17 USCS § 411(b)*], no award of statutory damages or of attorney's fees, as provided by sections 504 and 505 [*17 USCS §§ 504 and 505*], shall be made for—
   (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
   (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

**HISTORY:**
   (Oct. 19, 1976, P.L. 94-553, Title I, § 101, 90 Stat. 2583; Dec. 1, 1990, P.L. 101-650, Title VI, § 606(c)(2), 104 Stat. 5131.)
   (As amended April 27, 2005, P.L. 109-9, Title I, § 104(c), 119 Stat. 222.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Prior law and revision:

House Report No. 94-1476
   The need for section 412 arises from two basic changes the bill will make in the present law.
     (1) Copyright registration for published works, which is useful and important to users and the public at large, would no longer be compulsory, and should therefore be induced in some practical way.
     (2) The great body of unpublished works now protected at common law would automatically be brought under copyright and given statutory protection. The remedies for infringement presently available at common law should continue to apply to these works under the statute, but they should not be given special statutory remedies unless the owner has, by registration, made a public record of his copyright claim.
   Under the general scheme of the bill, a copyright owner whose work has been infringed before registration would be entitled to the remedies ordinarily available in infringement cases: an injunction on terms the court considers fair, and his actual damages plus any applicable profits not used as a measure of damages. However, section 412 would deny any award of the special or "extraordinary" remedies of statutory damages or attorney's fees where infringement of copyright in an unpublished work began before registration or where, in the case of a published work, infringement commenced after publication and before registration (unless registration has been made within a grace period of three months after publication). These provisions would be applicable to works of foreign and domestic origin alike.
   In providing that statutory damages and attorney's fees are not recoverable for infringement of unpublished, unregistered works, clause (1) of section 412 in no way narrows the remedies available under the present law. With respect to published

works, clause (2) would generally deny an award of those two special remedies where infringement takes place before registration. As an exception, however, the clause provides a grace period of three months after publication during which registration can be made without loss of remedies; full remedies could be recovered for any infringement begun during the three months after publication if registration is made before that period has ended. This exception is needed to take care of newsworthy or suddenly popular works which may be infringed almost as soon as they are published, before the copyright owner has had a reasonable opportunity to register his claim.

Effective date of section:
   This section took effect on January 1, 1978, pursuant to § 102 of Act Oct. 19, 1976, P.L. 94-553, which appears as a note preceding *17 USCS § 101*.

Amendments:
   1990. Act Dec. 1, 1990 (effective 6 months after enactment as provided by § 610 of such Act, which appears as *17 USCS § 106A* note), in the introductory matter, inserted "an action brought for a violation of the rights of the author under section 106A(a) or".
   2005. Act April 27, 2005, in the introductory matter, inserted ", an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement,".

**NOTES:**
Related Statutes & Rules:
   This section is referred to in *17 USCS §§ 101, 104A*.

Research Guide:
Federal Procedure:
   7A Fed Proc L Ed, Copyrights §§ 18:19, 136, 224, 230.

Am Jur:
   *18 Am Jur 2d, Copyright and Literary Property §§ 257, 261*.

Am Jur Trials:
   54 Am Jur Trials, Defending the Software Infringement Case, p. 261.
   77 Am Jur Trials, Copyright Infringement Litigation, p. 449.

Am Jur Proof of Facts:
   74 Am Jur Proof of Facts 3d, Proof of Infringement of the Visual Artist Rights Act of 1990, p. 1.

Forms:
   2 *Rabkin & Johnson, Current Legal Forms, § 3.31*, Patents, Copyrights and Trademarks.
   6A Fed Procedural Forms L Ed, Copyright §§ 17:122, 145.
   7A Am Jur Pl & Pr Forms (Rev ed), Copyright and Literary Property, § 32.

Intellectual Property:
   2 Nimmer on Copyright (Matthew Bender), ch 7, Statutory Formalities § 7.16.
   3 Nimmer on Copyright (Matthew Bender), ch 9A, Copyrights Restored from the Public Domain § 9A.04.
   4 Nimmer on Copyright (Matthew Bender), ch 14, Infringement Actions—Remedies § 14.04.

Annotations:
   Requirements as to deposit of copies of work in copyright office under § 13 of Federal Copyright Act ([former] *17 USCS § 13*) as prerequisite to infringement action. *16 ALR Fed 595*.
   Right to Award of Attorney's Fees Under §§ 101 et seq. of Copyright Act, *17 U.S.C.A. § 505 [17 USCS § 505]. 174 ALR Fed 289*.