JACK RUSSO (State Bar No. 96068)
MICHAEL RISCH (State Bar No. 197600)
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Tel.: (650) 327-9800
Fax: (650) 327-3737
Email: jrusso@computerlaw.com
Email: mrisch@computerlaw.com

Attorneys for Plaintiff
YIELD DYNAMICS, INC.

Michael G. Ackerman (SBN 64997)
ACKERMAN, KEVORKIAN & MASH
2391 The Alameda, Suite 100
Santa Clara, CA 95050
Telephone: (408) 261-5800
Facsimile: (408) 261-5900

Attorneys for Defendants TEA SYSTEMS
CORPORATION and TERRENCE E. ZAVECZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YIELD DYNAMICS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TEA SYSTEMS CORPORATION, a Pennsylvania corporation; TERRENCE E. ZAVECZ, an individual; DONNA ZAVECZ, an individual,<br><br>　　　　Defendants. | Case No. 06-C-00331 VRW<br><br>~~PROPOSED~~ STIPULATED PROTECTIVE ORDER |

　　　　The parties, through their respective counsel, stipulate to the following Stipulated Protective Order and jointly request that said Stipulated Protective Order be entered as an Order of the Court, as follows:

　　　　1. All Classified Documents Or Information, as defined below, produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of the above-captioned action (the "<u>Action</u>"), or for any writs or appeals concerning the Action, for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof. This Stipulated Protective Order shall govern any document, information, or other thing produced or designated by any producing or designating party or third party to any other party in connection with the

1  Action, including, but not limited to, documents, information, data, things, materials, exhibits,
2  interrogatory answers, deposition testimony, hearing testimony, and trial testimony, and all copies,
3  extracts, summaries, compilations, designations, and portions thereof (collectively, "<u>Documents Or
4  Information</u>"). The parties agree that discovery exchanged in case no. 1-03-CV-000690, <u>Yield
5  Dynamics, Inc. v. TEA Systems Corporation, et al.</u>, may be used for the purposes of this Action. The
6  parties reserve all objections to the admissibility of such prior discovery. The parties shall protect such
7  discovery materials to the same extent they are required to be protected under the protective order in
8  that case.

9      2. The following categories of Documents Or Information may be considered, if properly
10  designated by any producing or designating party or third party, as "Confidential" or "Confidential–For
11  Attorneys' Eyes Only" Documents Or Information (collectively, "<u>Classified Documents Or
12  Information</u>"):

13      (a) "Confidential" Documents Or Information include: (i) all confidential, proprietary,
14  financial, personnel, or business Documents or Information concerning any producing or designating
15  party or third party or its respective officers, directors, employees, agents, consultants, customers,
16  vendors, suppliers, or distributors that is not publicly known or available and that is maintained as
17  confidential by the producing or designating party or third party; and (ii) Documents Or Information of
18  a personal nature relating to any individual that is not publicly known or available and that was not
19  previously disclosed or otherwise available to a receiving party prior to the commencement of this
20  Action; and

21      (b) "Confidential–For Attorneys' Eyes Only" Documents Or Information include:
22  Documents Or Information of the most sensitive nature, including, but not limited to trade secret
23  information, that if disclosed to persons of expertise in the area would reveal significant technical or
24  business advantages of the producing or designating party or third party, and that includes as a major
25  portion of such Documents Or Information subject matter that is believed to be unknown (i) to the
26  public, (ii) to the opposing party or parties, and (iii) all of the officers, directors, and employees of the
27  opposing party or parties.
28  //

  3. "Qualified Persons," as used herein means:

   (a) Attorneys of record for the respective parties in this Action, and employees or contractors of such attorneys to whom it is necessary that the Documents Or Information be shown for purposes of the Action or for any writs or appeals concerning the Action;

   (b) Actual or potential independent experts or consultants (i) who have been designated in writing by notice to all opposing counsel of record at least five (5) days prior to any disclosure of any Classified Documents Or Information to such independent expert or consultant, (ii) who have signed a document stating that such independent expert or consultant has read this Stipulated Protective Order and has agreed to be bound by it, and (iii) who have not been prohibited from receiving Classified Documents Or Information by the Court pursuant to a motion brought under Paragraph 8, below, and employees of such actual or potential independent experts or consultants;

   (c) The Court in this Action, any courts having jurisdiction of any writs or appeals concerning the Action, court personnel, court reporters, translators, video technicians, court-appointed or party-selected arbitrators or mediators acting in connection with the Action or any writs or appeals concerning the Action, and any court-appointed referees, special masters, or independent experts in this Action or any writs or appeals concerning this Action;

   (d) The parties to this Action and their respective officers, directors, and employees, and

   (e) Any other person(s) designated as a Qualified Person by Order of this Court or of any court having jurisdiction of any writs or appeals concerning this Action, after notice and hearing to all parties and affected third parties, if any.

  4. Documents Or Information that are produced in the Action on paper may be designated by any producing or designating party or third party as "Confidential" or "Confidential -- For Attorneys' Eyes Only" by clearly and conspicuously marking each page of the Documents Or Information so designated with a stamp or label stating "Confidential" or "Confidential -- For Attorneys' Eyes Only," as appropriate, at the time of such production. Documents Or Information that are produced in this Action on any kind of electronic, magnetic, optical, or other digital media (collectively, "Disks") may be designated by any producing or designating party or third party as "Confidential" or "Confidential --

For Attorneys' Eyes Only" by clearly and conspicuously marking the surface of or case containing such Disks with a stamp, label, or other designation clearly and conspicuously stating "Confidential" or "Confidential -- For Attorneys' Eyes Only," as appropriate, at the time of such production, and such designation shall apply to all data or other Documents Or Information of any kind contained on or within such Disks.  In the event that a Qualified Person acting on behalf of a receiving party generates any "hard copy" or printout from any Disk that has been designated as Classified Documents Or Information, such Qualified Person must promptly and clearly and conspicuously mark each page of such "hard copy" or printout as "Confidential" or "Confidential -- For Attorneys' Eyes Only," as appropriate in accordance with the original designation of such Disk, and all such "hard copy" and printouts generated from such Disk shall be treated in a manner consistent with the original designation on such Disk.  In lieu of marking the original of any Documents Or Information, if the original is not produced, the producing or designating party or third party may mark, stamp, or label, as appropriate, the copies of such Documents Or Information that are produced or designated, provided that, in such case, the originals of such Documents Or Information shall be preserved for inspection.  Any tangible Documents Or Information other than documents and Disks that are that are produced in this Action may be designated by any producing or designating party or third party as "Confidential" or "Confidential -- For Attorneys' Eyes Only" by clearly and conspicuously marking the exterior of such Documents Or Information with a label stating "Confidential" or "Confidential -- For Attorneys' Eyes Only," as appropriate, at the time of such production.  Any Documents Or Information other than tangible Documents Or Information and other than deposition testimony may be designated by any producing or designating party or third party as "Confidential" or "Confidential -- For Attorneys' Eyes Only" in any manner as provided by further Order of the Court.

      5. Oral information disclosed at (a) the deposition of a party, one of its present or former officers, directors, employees, or agents, or one of its independent experts or consultants, or (b) the deposition of a third party or one of its present or former officers, directors, employees, or agents may be designated by any party, affected third party, or deponent as "Confidential" or "Confidential -- For Attorneys' Eyes Only," as appropriate, by indicating on the record at the deposition that the testimony is "Confidential" or "Confidential -- For Attorneys' Eyes Only," as appropriate.  If any portion of any

deposition taken in this Action is designated by any party, affected third party, or deponent as "Confidential" or "Confidential -- For Attorneys' Eyes Only," (a) any court reporter(s) for such deposition shall prepare such portion of the transcript of such deposition, along with any exhibits introduced during such portion of the deposition, in a separately bound portion of the transcript, which shall be clearly and conspicuously marked on the cover of such portion of the transcript (and preferably also on each page of such portion of the transcript) as being as "Confidential" or "Confidential -- For Attorneys' Eyes Only," as appropriate, and (b) any videographer or other person making any video or audio recording of any such deposition shall clearly and conspicuously mark all video tapes or audio tapes containing such portion of such deposition, or any part of such portion of such deposition, as being as "Confidential" or "Confidential -- For Attorneys' Eyes Only," as appropriate.

      6. "Confidential" Documents Or Information shall not be disclosed or made available by any receiving party to any persons other than Qualified Persons. "Confidential -- For Attorneys' Eyes Only" Documents Or Information shall not be disclosed or made available by any receiving party to any persons other than Qualified Persons described in Paragraphs 3(a), 3(b), and 3(c), above, and to any persons authorized to view "Confidential -- For Attorneys' Eyes Only" Documents Or Information pursuant to an Order of the Court pursuant to Paragraph 3(e), above.  Notwithstanding the foregoing: (a) any particular "Confidential -- For Attorneys' Eyes Only" Documents Or Information may also be disclosed to any other Qualified Person who is indicated on the face of such particular "Confidential -- For Attorneys' Eyes Only" Documents Or Information as being an author or recipient of such particular "Confidential -- For Attorneys' Eyes Only" Documents Or Information, irrespective of which party or third party produced such particular "Confidential -- For Attorneys' Eyes Only" Documents Or Information; (b) any Classified Documents Or Information produced under this Stipulated Protective Order (i) may disclosed to (A) independent copy services or printers, and employees of services or printers, for the purpose of making copies of such Documents Or Information for the purpose of this Action or any writs or appeals concerning this Action or (B) to graphic artists, animators, computer graphics specialists, or illustrators, and employees of such persons, for the purpose of making exhibits, animations, computer graphics, illustrations, or other types of graphical representations for the purpose of this Action or any writs or appeals concerning this Action, if such independent copy service, printer,

graphic artist, animator, computer graphics specialist, or illustrator agrees in advance in writing to be bound by the terms of this Stipulated Protective Order, and (ii) may be transmitted in sealed envelopes by the U.S. Postal Service, overnight delivery services, couriers, or process servers.

7. Nothing in this Stipulated Protective Order shall prevent any additional disclosures of particular Classified Documents Or Information beyond the terms of this Stipulated Protective Order if (a) each party or third party producing or designating such particular Classified Documents Or Information consents to such additional disclosure, or (b) the Court, after notice to all parties and affected third parties, if any, grants an Order permitting such additional particular disclosure. Nor shall anything in this Stipulated Protective Order prevent any counsel of record in this Action or in any writs or appeals concerning this Action from utilizing any particular Classified Documents Or Information in the examination or cross-examination, preparation for examination or cross-examination, or interview of any person who is indicated on the face of such particular Classified Documents Or Information as being an author or recipient of such particular Classified Documents Or Information, irrespective of whether such person is accompanied by such person's counsel at the time of such examination, cross-examination, preparation, or interview, and irrespective of which party or third party produced such particular Classified Documents Or Information.

8. A party shall not be obligated to challenge the propriety of a designation of any Documents Or Information as being "Confidential" or "Confidential -- For Attorneys' Eyes Only" at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that, at any stage of this Action, (a) any party disagrees with the designation by any producing or designating party or third party of any Documents Or Information as "Confidential" or "Confidential -- For Attorneys' Eyes Only," or (b) any party or affected third party disagrees with the designation of any actual or potential independent expert or consultant as a Qualified Person pursuant to Paragraph 3(b), above, the parties and any affected third parties, if any, shall first try to resolve such dispute in good faith on an informal basis, such as through production of redacted copies. If the dispute cannot be resolved, (a) the objecting party may move, with notice to counsel for all parties and any affected third parties, if any, for an Order of the Court seeking re-designation of such Documents Or Information, or (b) the objecting party or third party may move, with notice to counsel for all parties, for an Order of the

Court prohibiting such actual or potential independent expert or consultant from being deemed, or continuing to be deemed, a Qualified Person pursuant to Paragraph 3(b), above. In any such motion seeking re-designation or prohibition, the burden shall be on (a) the producing or designating party or third party to show that such Classified Documents Or Information warrant the protection sought by such designation and (b) the party or third party challenging the designation of such actual or potential independent expert or consultant as a Qualified Person pursuant to Paragraph 3(b), above, to show that such person ought not to be deemed, or continue to be deemed, a Qualified Person pursuant to Paragraph 3(b), above. The parties and any affected third parties, if any, may, by stipulation, provide for additional exceptions to this Stipulated Protective Order, and any party or affected third party may seek an Order of this Court modifying this Stipulated Protective Order. The prevailing party at any hearing on a motion regarding this Stipulated Protective Order shall be entitled to reasonable attorneys' fees and costs incurred on the motion.

9. The parties agree that the disclosure of Classified Documents Or Information is not permitted to any person retained as an independent consultant or expert witness unless not less than five (5) days prior to any disclosure of any Classified Documents Or Information to any such person, counsel for the party wishing to disclose Classified Documents Or Information to such person shall notify all opposing counsel (and counsel for any affected third parties, if any exist at the time of such proposed disclosure) of the identity of such person. If, during such five (5) day period, any opposing counsel (or any counsel for such affected third parties, if any exist at the time of such proposed disclosure) seeks further protection from the Court regarding such proposed disclosure, pursuant to Paragraph 8, above, no such disclosure shall be made unless permitted by the Court; provided, however, that counsel for any party (or any affected third party, if any exist at the time of such proposed disclosure) shall cooperate to expedite the briefing and hearing of any such motion.

10. Court procedures:

    (a)    The parties agree that persons employed by the United States District Court have no duty to the parties (or any third parties) to protect or maintain the alleged confidentiality of any information in any papers filed with the Court.

//

    (b)  The parties agree to comply with Civil L.R. 79-5 when filing or lodging "Confidential" or "Confidential – For Attorney's Eyes Only" documents with the Court.

    (c)  For applications and motions to the Court in which a party submits confidential information, all documents containing "Confidential – For Attorneys' Eyes Only" or "Confidential" information that are submitted to the Court shall be lodged (not filed) with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

This envelope is sealed pursuant to order of the court, contains Confidential Information, and is not to be opened or the contents revealed except by order of the Court.

The document shall indicate clearly which portions are designated to be confidential. A copy of this Stipulated Protective Order shall be submitted with the lodged materials. Materials lodged shall be returned by the Court to the submitting party immediately after the hearing or as nearly as is otherwise practicable. Any and all confidential materials shall then be kept either by the submitting party or by a safe independent depository for the duration of the Action.

    (d)  Any Court hearing which refers to or describes "Confidential – For Attorneys' Eyes Only" or "Confidential" information shall in the Court's discretion be in camera.

    (e)  Notwithstanding the above, any party may apply to the Court for an order allowing the filing of papers containing confidential information, if that party believes the filing of the papers is necessary for a complete record. Any such papers shall be placed by the submitting party in a sealed envelope labeled as set forth in subparagraph (c) above. Any papers containing confidential information shall be returned to the submitting party upon dismissal or final judgment in the Action.

  11. In addition to the procedures set forth in Paragraph 10, above, for (a) any applications and motions to the Court and (b) any responses to any discovery requests, correspondence, or other communications between the parties, counsel for the parties, third parties, or counsel for third parties in which a party, counsel for a party, a third party, or counsel for a third party submits or exchanges any documents containing any Classified Documents Or Information, all documents containing any Classified Documents Or Information shall contain a clear and conspicuous notation on

the first page of such document indicating both (i) the degree of confidentiality of the document (e.g., whether it is "Confidential – For Attorneys' Eyes Only" or "Confidential") and (ii) the party(ies) or third-party(ies) whose Classified Documents Or Information are contained in such document. (For example, a legal memorandum or a letter containing both (a) Classified Documents Or Information that has been designated by the Plaintiff as "Confidential – For Attorneys' Eyes Only" and (b) Classified Documents Or Information that has been designated by a third party, "Jones," as "Confidential" would be required to have a clear and conspicuous notation on the first page of such legal memorandum or letter stating "Contains both (a) Classified Documents Or Information designated by Plaintiff as 'Confidential – For Attorneys' Eyes Only' and (b) Classified Documents Or Information designated by third party Jones as 'Confidential.'") Any party, counsel for any party, third party, or counsel for any third party receiving any such documents containing any Classified Documents Or Information shall be entitled to rely upon the accuracy of such notation on the first page (and also upon the absence of any such notation on the first page) in reviewing, handling, or transmitting any such documents. In addition, within five (5) days after the receipt of a written request of any party or counsel for any party receiving any such documents (other than responses to document requests or subpoenas), unless otherwise agreed to by counsel for the parties, or any affected third party, if any, in writing, the party, counsel for a party, a third party, or counsel for a third party submitting or exchanging any documents containing any Classified Documents Or Information shall provide the receiving party or counsel for the receiving party with a redacted copy of such document(s) that does not contain any Classified Documents Or Information.   12. Within one-hundred twenty (120) days after conclusion of the Action, and after the conclusion of all writs or appeals concerning the Action (the "Conclusion Date"), any Classified Documents Or Information (including all paper documents and all Disks) and all reproductions or other copies of any Classified Documents Or Information (including all reproductions or other copies of any paper documents or Disks or any information contained therein or thereon) produced by any party or third party that are in the possession of any of the persons qualified under Paragraphs 3(a) through (e), above, shall be returned to the producing or designating party or third party, or, alternatively, counsel of record in this Action or in any writs or appeals concerning this Action for the respective receiving party shall certify in writing to all opposing counsel of record in the Action

or in any writs or appeals concerning this Action the destruction thereof (including the destruction of all "hard copy" or printouts made from any Disks and all electronic, magnetic, optical, or other digital copies of all Disks or any information contained therein or thereon), except as this Court may otherwise order to the extent such Classified Documents Or Information was used as evidence at the trial or in any hearing and was not ordered sealed. Notwithstanding the foregoing, counsel of record in this Action or in any writs or appeals concerning this Action for the respective receiving parties need not return or certify the destruction of any notes, memoranda, email, other documents, or other work product prepared by any persons described in Paragraphs 3(a), 3(b), or 6(b)(i)(B), above, that contain excerpts of or materials summarizing or derived from any Classified Documents Or Information and that are maintained in any computer files, data storage systems, or other electronic archive systems or Disks of such respective counsel, provided that, absent further Order of the Court, such notes, memoranda, other documents, or other work product (a) do not contain any individual verbatim quotations, excerpts, or images of any Classified Documents Or Information greater than one half (½) page in length and (b) are not disclosed or made available to anyone other than persons described in Paragraphs 3(a) at any time after the Conclusion Date. As far as the provisions of any other protective orders entered in this Action or any writs or appeals concerning this Action restrict the communication and use of any Classified Documents Or Information or other documents or information produced thereunder, such orders shall continue to be binding after the conclusion of this Action and after the conclusion of any writs or appeals concerning this Action, except that (a) there shall be no restriction on Classified Documents Or Information or other documents or information that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing or designating party or third party or Order of the Court with respect to dissolution or modification of this Stipulated Protective Order and of any other such protective orders.

13. This Stipulated Protective Order shall not bar any attorney of record in this Action or any writs or appeals concerning this This Action in the course of rendering advice to such attorney's client, or to any persons described in Paragraph 3(d), above, with respect to the Action or any writs or appeals concerning this Action from conveying to such client, or to any persons described in Paragraph 3(d), above, such attorney's evaluation in a general way of any "Confidential -- For Attorneys' Eyes Only"

Documents Or Information produced or exchanged by any party or third party in this Action or any writs or appeals concerning the Action; provided, however that in rendering such advice and otherwise communicating with such client, or with any persons described in Paragraph 3(d), above, such attorney shall not disclose the specific contents of any "Confidential -- For Attorneys' Eyes Only" Documents Or Information produced by another party or any third party herein, which disclosure of such specific contents would be contrary to the terms of this Stipulated Protective Order.  Nothing herein shall impose any restrictions on (a) the use or disclosure by a party or third party of any Classified Documents Or Information obtained by such party or third party independently of discovery propounded to another party or third party in this Action, whether or not such Classified Documents Or Information are also obtained through discovery in this Action, or (b) such party's or third party's disclosing its own Classified Documents Or Information as it deems appropriate.  Nothing herein shall bar a deponent, including a third party deponent, or counsel for such a deponent from receiving a copy of or reviewing a transcript of such deponent's deposition or any exhibits to such transcript, irrespective of whether such transcript, any portion thereof, or any exhibit thereto has been designated as "Confidential" or "Confidential -- For Attorneys' Eyes Only" Documents Or Information by any party or any third party.

      14. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Stipulated Protective Order and shall be responsible upon breach of such duty for the failure of any person to observe the terms of this Stipulated Protective Order.  Any actual or potential independent expert or consultant receiving any Classified Documents Or Information pursuant to Paragraph 3(b), above, shall have the duty to reasonably ensure that any employees of such actual or potential independent expert or consultant that receive any Classified Documents Or Information pursuant to Paragraph 3(b), above, observe the terms of this Stipulated Protective Order, and such actual or potential independent expert or consultant shall be responsible upon breach of such duty for the failure of any of such entity or person's employees to observe the terms of this Stipulated Protective Order.  Any independent copy service, printer, graphic artist, animator, computer graphics specialist, or illustrator receiving any Classified Documents Or Information pursuant to Paragraph 6(b)(i), above, shall have the duty to reasonably ensure that any

employees of such independent copy service, printer, graphic artist, animator, computer graphics specialist, or illustrator that receive any Classified Documents Or Information pursuant to Paragraph 6(b)(i), above, observe the terms of this Stipulated Protective Order, and such independent copy service, printer, graphic artist, animator, computer graphics specialist, or illustrator shall be responsible upon breach of such duty for the failure of any of such entity's or person's employees to observe the terms of this Stipulated Protective Order.

15. This Stipulated Protective Order is without prejudice to any party's rights and duties regarding any and all use or publication of any Classified Documents Or Information that occurs or that has occurred before this Stipulated Protective Order is entered by all of the parties hereto.

16. The parties agree forthwith to submit this Stipulation to the Court to be "So Ordered" and further agree that, prior to approval by the Court, this Stipulation shall be effective as of the date it is executed by counsel for all parties as if approved by the Court, and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court as of the date that it has been signed by counsel for all parties.

IT IS SO STIPULATED:

RUSSO & HALE LLP

By: _____
      Michael Risch

Attorneys for Plaintiff
YIELD DYNAMICS, INC.

Dated: June 8, 2006

ACKERMAN AND KEVORKIAN

By: _____
      Michael G. Ackerman

Attorneys for Defendants
TEA SYSTEMS CORPORATION and
TERRENCE E. ZAVECZ

Dated: June ___, 2006

IT IS APPROVED AND SO ORDERED:

Dated: ~~June~~ ___, 2006

_/s/ signature_
Hon. Vaughn R. Walker
U.S. District Judge

employees of such independent copy service, printer, graphic artist, animator, computer graphics specialist, or illustrator that receive any Classified Documents Or Information pursuant to Paragraph 6(b)(i), above, observe the terms of this Stipulated Protective Order, and such independent copy service, printer, graphic artist, animator, computer graphics specialist, or illustrator shall be responsible upon breach of such duty for the failure of any of such entity's or person's employees to observe the terms of this Stipulated Protective Order.

15. This Stipulated Protective Order is without prejudice to any party's rights and duties regarding any and all use or publication of any Classified Documents Or Information that occurs or that has occurred before this Stipulated Protective Order is entered by all of the parties hereto.

16. The parties agree forthwith to submit this Stipulation to the Court to be "So Ordered" and further agree that, prior to approval by the Court, this Stipulation shall be effective as of the date it is executed by counsel for all parties as if approved by the Court, and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court as of the date that it has been signed by counsel for all parties.

IT IS SO STIPULATED:

RUSSO & HALE LLP

By: _____
    Michael Risch

Attorneys for Plaintiff
YIELD DYNAMICS, INC.

Dated: June __, 2006

ACKERMAN AND KEVORKIAN

By: _____
    Michael G. Ackerman

Attorneys for Defendants
TEA SYSTEMS CORPORATION and
TERRENCE E. ZAVECZ

Dated: June __, 2006

IT IS APPROVED AND SO ORDERED:

Dated: June ___, 2006

_____
Hon. Vaughn R. Walker
U.S. District Judge