**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YIELD DYNAMICS, INC,                    No   C  06-0331  VRW

        Plaintiff,              JURY INSTRUCTIONS

        v

TEA SYSTEMS CORPORATION; TERRENCE
E ZAVECZ; DONNA ZAVECZ,

        Defendants.

_____/

      Following review of the parties' proposed jury
instructions, the court hereby proposes the following preliminary
and final jury instructions and special verdict form.  These
instructions are subject to modification by the court as necessary
to conform to evidence or in response to valid objection by either
party.  These proposed instructions are served on the parties in
advance of trial in order to assist them in their trial preparation
and to prompt such valid objections as they may have to present.

**PRELIMINARY INSTRUCTION - DUTY OF JURY**

        Ladies and gentlemen:  You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions.  Those instructions will control your deliberations.

        You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

United States District Court
For the Northern District of California

1    PRELIMINARY INSTRUCTION - BACKGROUND AND INTRODUCTORY STATEMENT

2

3

4        To help you follow the evidence, I will give you a brief

5    summary of the positions of the parties:

6        Plaintiff Yield Dynamics, Inc ("YDI") develops and

7    markets software in yield management and automated lithography

8    process control ("Yield Management Software") for the semiconductor

9    industry.  Yield Management Software is used by semiconductor

10   manufacturers to identify, analyze and correct defects or other

11   problems occurring in the semiconductor manufacturing process,

12   resulting in greater yield and therefore profitability from such

13   process.

14       Defendant TEA Systems, Inc ("TEA") is in the business of

15   designing and marketing lithography process control software.  The

16   relevant software in this action is called "Weir Software."

17   Defendant Terrence E Zavecz is an individual who is the President

18   and the sole active employee of TEA.  Collectively, TEA and

19   Terrence Zavecz are known as Defendants.

20       The plaintiff YDI purchased copyrighted software from

21   defendants in 1999.  Mr Zavecz worked for YDI from 1999 until early

22   2001.  After leaving YDI, Defendants began selling the software at

23   issue in this case – the Weir software.  The Weir software imports

24   data from semiconductor manufacturing tools (called "metrology

25   data") and analyzes that data for the users of the software.

26       Before summarizing the legal issues involved in the dispute,

27   let me take a moment to explain what a copyright is.

28

United States District Court
For the Northern District of California

3

**United States District Court**

For the Northern District of California

Copyright is the exclusive right to copy, hence, the term "copyright." The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying or using the work covered by copyright for a specific period of time.

Copyrighted work can include a computer program, as in this case.

One who reproduces a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

The court has already ruled that portions of the Weir software primarily relating to how the program imports data infringed on a copyright owned by plaintiff YDI. Accordingly, the purpose of this trial is to determine the amount of money owed to YDI as a remedy for this infringement.

YDI claims damages against defendants resulting from defendants' sale of the Weir software. Defendants contend that the sale of the programs was attributable to factors other than the infringing code segments. Defendants claim that the infringing code segments have limited functionality in the program and constitute, on a quantitative basis, a minuscule part of the program. Defendants also contend that, after deducting expenses incurred in the production, distribution or sale of the programs, there were no profits.

4

**PRELIMINARY INSTRUCTION – COPYRIGHT DAMAGES – PROFITS**

United States District Court
For the Northern District of California

The copyright owner is entitled to any profits of the defendant attributable to the infringement.

The defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the sale of a product containing or using the copyrighted work.  The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs and production costs incurred in producing the defendant's gross revenue.  The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.  You may only subtract an expense if the defendant proves that the expense, including a portion of overhead expenses, was of actual assistance in the production, distribution or sale of the infringing product.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

**PRELIMINARY INSTRUCTION -  WHAT IS EVIDENCE**


        The evidence you are to consider in deciding what the facts consists of:

     1. The sworn testimony of any witness;

     2. The exhibits which are received into evidence and

     3. Any facts to which the lawyers stipulate.

**PRELIMINARY INSTRUCTION - WHAT IS NOT EVIDENCE**

      The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments of the attorneys;

2. Questions and objections of the attorneys;

3. Testimony that I instruct you to disregard and

4. Anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**United States District Court**

For the Northern District of California

**PRELIMINARY INSTRUCTION - EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

United States District Court
For the Northern District of California

8

**PRELIMINARY INSTRUCTION - DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**PRELIMINARY INSTRUCTION - RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## PRELIMINARY INSTRUCTION - CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The witness' memory;

3.   The witness' manner while testifying;

4.   The witness' interest in the outcome of the case and any bias or prejudice;

5.   Whether other evidence contradicted the witness' testimony;

6.   The reasonableness of the witness' testimony in light of all the evidence and

7.   Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**PRELIMINARY INSTRUCTION -**

**BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. Put another way, "preponderance of the evidence" means evidence that has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue predominates, your finding on that issue must be against the party who had the burden of proving it.

You should base your decision on all of the evidence, regardless of which party presented it.

PRELIMINARY INSTRUCTION - CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**United States District Court**
For the Northern District of California

**PRELIMINARY INSTRUCTION - NO TRANSCRIPT AVAILABLE TO JURY**

      At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

United States District Court
For the Northern District of California

**PRELIMINARY JURY INSTRUCTION - TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses.  When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

**PRELIMINARY INSTRUCTION - OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Plaintiff will then present evidence, and counsel for defendants may cross-examine.  Then defendants may present evidence, and counsel for plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**United States District Court**
For the Northern District of California

16

**JURY INSTRUCTIONS DURING TRIAL**

United States District Court
For the Northern District of California

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**JURY INSTRUCTION DURING TRIAL -**

**CAUTIONARY INSTRUCTION - FIRST RECESS**


We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about this case, please let me know about it immediately.  Do not read or listen to any news reports of the trial.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**JURY INSTRUCTIONS DURING TRIAL - STIPULATED TESTIMONY**

The parties have agreed what [witness]'s testimony would be if called as a witness.  You should consider that testimony on the same way as if it had been given here in court.

**United States District Court**
For the Northern District of California

1        JURY INSTRUCTIONS DURING TRIAL - STIPULATIONS OF FACT

2

3            The parties have agreed to certain facts that have been

4    stated to you.   You should therefore treat these facts as having

5    been proved.

United States District Court
For the Northern District of California

1   **JURY INSTRUCTIONS DURING TRIAL - JUDICIAL NOTICE**

2

3   The court has decided to accept as proved the fact that

4   _____, even though no evidence has been introduced on the

5   subject.  You must accept this fact as true.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION DURING TRIAL -**

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of _____, which was taken on _____, is about to be presented to you.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

United States District Court
For the Northern District of California

**JURY INSTRUCTION DURING TRIAL -**

**USE OF INTERROGATORIES OF A PARTY**

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures.  The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

1                              **FINAL JURY INSTRUCTIONS**

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you in these instructions whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following these instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything I may have said or done during the trial any suggestion as to what verdict you should return--that is a matter entirely up to you.

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

The first instruction concerns burden of proof.  Because in this case plaintiff bears the burden of proof with respect to certain issues and defendants bear the burden of proof with respect to certain issues, it is important that you keep in mind the party that bears the burden of proof with respect to an issue.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.  Put another way, "preponderance of the evidence" means evidence that has more convincing force than that opposed to it.  If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue predominates, your finding on that issue must be against the party who had the burden of proving it.

You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**
For the Northern District of California

BACKGROUND

Plaintiff Yield Dynamics, Inc ("YDI") develops and markets software in yield management and automated lithography process control ("Yield Management Software") for the semiconductor industry.  Yield Management Software is used by semiconductor manufacturers to identify, analyze and correct defects or other problems occurring in the semiconductor manufacturing process, resulting in greater yield, and therefore profitability from such process.

Defendant TEA Systems, Inc ("TEA") is in the business of designing and marketing lithography process control software.  The relevant software in this action is called "Weir Software." Defendant Terrence E Zavecz is an individual who is the President and the sole active employee of TEA.  Collectively, TEA and Terrence Zavecz are known as Defendants.

The plaintiff YDI purchased copyrighted software from defendants in 1999.  Mr Zavecz worked for YDI from 1999 until early 2001.  After leaving YDI, Defendants began selling the software at issue in this case – the Weir software.  The Weir software imports data from semiconductor manufacturing tools (called "metrology data") and analyzes that data for the users of the software.

Copyright is the exclusive right to copy.  The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

United States District Court
For the Northern District of California

Copyrighted work can include a computer program, as in this case.

One who reproduces a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

The court has already ruled that portions of the Weir software primarily relating to how the program imports data infringed on a copyright owned by plaintiff YDI.  Accordingly, the purpose of this trial is to determine the amount of money owed to YDI as a remedy for this infringement.

YDI claims damages against defendants resulting from defendants' sale of the Weir software.  Defendants contend that the sale of the programs was attributable to factors other than the infringing code segments.  Defendants claim that the infringing code segments have limited functionality in the program and constitute, on a quantitative basis, a minuscule part of the program.  Defendants also contend that, after deducting expenses incurred in the production, distribution or sale of the programs, there were no profits.

1

**COPYRIGHT DAMAGES - PROFITS**

2

3

4

5   The copyright owner is entitled to any profits of the
6   defendant attributable to the infringement.

7   The defendant's profit is determined by subtracting all
8   expenses from the defendant's gross revenue.

9   The defendant's gross revenue is all of the defendant's
10   receipts from the sale of a product containing or using the
11   copyrighted work.  The plaintiff has the burden of proving the
12   defendant's gross revenue by a preponderance of the evidence.

13   Expenses are all operating costs, overhead costs and
14   production costs incurred in producing the defendant's gross
15   revenue. The defendant has the burden of proving the defendant's
16   expenses by a preponderance of the evidence.  You may only subtract
17   an expense if the defendant proves that the expense, including a
18   portion of overhead expenses, was of actual assistance in the
19   production, distribution or sale of the infringing product.

20   Unless you find that a portion of the profit from the
21   sale of a product containing or using the copyrighted work is
22   attributable to factors other than use of the copyrighted work, all
23   of the profit is to be attributed to the infringement. The
24   defendant has the burden of proving the portion of the profit, if
25   any, attributable to factors other than infringing the copyrighted
26   work.

27

28

United States District Court
For the Northern District of California

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits which have been received into evidence and

3. Any facts to which all the lawyers have agreed or stipulated.

**United States District Court**
For the Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  [In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**United States District Court**
For the Northern District of California

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The witness' memory;

3.   The witness' manner while testifying;

4.   The witness' interest in the outcome of the case and any bias or prejudice;

5.   Whether other evidence contradicted the witness' testimony;

6.   The reasonableness of the witness' testimony in light of all the evidence and

7.   Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

34

**DISCREPANCIES IN TESTIMONY**

Discrepancies in a witness' testimony or between such witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a transaction often will see or hear it differently.  You should consider whether a discrepancy pertains to an important matter or only to something trivial.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all the other evidence in the case.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**United States District Court**
For the Northern District of California

**CHARTS AND SUMMARIES IN EVIDENCE**

        Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**IMPEACHMENT EVIDENCE - WITNESS**

You have heard evidence that [witness], a witness, [e.g. has been convicted of a felony, lied under oath on a prior occasion, etc.].  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

**United States District Court**
For the Northern District of California

1

**United States District Court**
For the Northern District of California

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  Nothing that I have said or done, however, is intended to suggest what your verdict should be--that is entirely up to you to decide.

United States District Court
For the Northern District of California

41

## USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes.

1

2

3

## COMMUNICATION WITH COURT

        If it becomes necessary during your deliberations to
communicate with me, you may send a note through the clerk or court
security officer, signed by your foreperson or by one or more
members of the jury.  No member of the jury should ever attempt to
communicate with me except by a signed writing; and I will
communicate with any member of the jury on anything concerning the
case only in writing or orally here in open court.  If you send out
a question, I will consult with the parties before answering it,
which may take some time.  You may continue your deliberations
while waiting for the answer to any question.  Remember that you
are not to tell anyone--including me--how the jury stands,
numerically or otherwise, until after you have reached a unanimous
verdict or have been discharged.  Do not disclose any vote count in
any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the clerk or court security officer that you are ready to return to the courtroom.

**Proposed Special Verdict Form**

        Yield Dynamics, Inc is entitled to the award of:
$_____ from Terrence Zavecz and TEA Systems Corporation.

        We, the jury, have unanimously agreed to the answer to the above question, and return such answers in open court as our verdict in this case.


Dated:_____        Foreperson:_____

**45**