**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YIELD DYNAMICS, INC,                    No   C  06-0331  VRW

      Plaintiff,            FINAL JURY INSTRUCTIONS

      v

TEA SYSTEMS CORPORATION; TERRENCE
E ZAVECZ; DONNA ZAVECZ,

      Defendants.

_____/

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you in these instructions whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following these instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything I may have said or done during the trial any suggestion as to what verdict you should return--that is a matter entirely up to you.

United States District Court

For the Northern District of California

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

The first instruction concerns burden of proof.  Because in this case plaintiff bears the burden of proof with respect to certain issues and defendants bear the burden of proof with respect to certain issues, it is important that you keep in mind the party that bears the burden of proof with respect to an issue.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.  Put another way, "preponderance of the evidence" means evidence that has more convincing force than that opposed to it.  If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue predominates, your finding on that issue must be against the party who had the burden of proving it.

You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**
For the Northern District of California

BACKGROUND

Plaintiff Yield Dynamics, Inc ("YDI") develops and markets software in yield management and automated lithography process control ("Yield Management Software") for the semiconductor industry.  Yield Management Software is used by semiconductor manufacturers to identify, analyze and correct defects or other problems occurring in the semiconductor manufacturing process, resulting in greater yield, and therefore profitability from such process.

Defendant TEA Systems, Inc ("TEA") is in the business of designing and marketing lithography process control software.  The relevant software in this action is called "Weir Software." Defendant Terrence E Zavecz is an individual who is the President and the sole active employee of TEA.  Collectively, TEA and Terrence Zavecz are known as Defendants.

The plaintiff YDI purchased copyrighted software from defendants in 1999.  Mr Zavecz worked for YDI from 1999 until early 2001.  After leaving YDI, Defendants began selling the software at issue in this case – the Weir software.  The Weir software imports data from semiconductor manufacturing tools (called "metrology data") and analyzes that data for the users of the software. Copyright is the exclusive right to copy.  The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

4

**United States District Court**
For the Northern District of California

1    Copyrighted work can include a computer program, as in
2  this case.

3    One who reproduces a copyrighted work without authority
4  from the copyright owner during the term of the copyright,
5  infringes the copyright.

6    The court has already ruled that portions of the Weir
7  software primarily relating to how the program imports data
8  infringed on a copyright owned by plaintiff YDI.  Accordingly, the
9  purpose of this trial is to determine the amount of money owed to
10 YDI as a remedy for this infringement.

11

12   YDI claims damages against defendants resulting from
13 defendants' sale of the Weir software.  Defendants contend that the
14 sale of the programs was attributable to factors other than the
15 infringing code segments.  Defendants claim that the infringing
16 code segments have limited functionality in the program and
17 constitute, on a quantitative basis, a minuscule part of the
18 program.  Defendants also contend that, after deducting expenses
19 incurred in the production, distribution or sale of the programs,
20 there were no profits.

21

22

23

24

25

26

27

28

5

**COPYRIGHT DAMAGES - PROFITS**

The copyright owner is entitled to any profits of the defendant attributable to the infringement.  There is no dispute that defendants' gross revenues from the sale of the works in question were $247,365.06.

The defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the sale of a product containing or using the copyrighted work.  The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.  You may only subtract an expense if the defendant proves that the expense, including a portion of overhead expenses, was of actual assistance in the production, distribution or sale of the infringing product.

In addition, defendants dispute that the defendants' gross revenues are attributable to the features of plaintiff's copyrighted works.  Defendants bear the burden of proving that elements of defendants' gross revenues are attributable to factors other than the copyrighted works.  Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion

United States District Court
For the Northern District of California

of the profit, if any, attributable to factors other than

infringing the copyrighted work.

United States District Court
For the Northern District of California

**WHAT IS EVIDENCE**

        The evidence from which you are to decide what the facts are consists of:

1.    The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2.    The exhibits which have been received into evidence and

3.    Any facts to which all the lawyers have agreed or stipulated.

**United States District Court**
For the Northern District of California

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  [In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**United States District Court**
For the Northern District of California

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**United States District Court**
For the Northern District of California

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the things testified to;

2.    The witness' memory;

3.    The witness' manner while testifying;

4.    The witness' interest in the outcome of the case and any bias or prejudice;

5.    Whether other evidence contradicted the witness' testimony;

6.    The reasonableness of the witness' testimony in light of all the evidence and

7.    Any other factors that bear on believability.


The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

11

## DISCREPANCIES IN TESTIMONY

Discrepancies in a witness' testimony or between such witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a transaction often will see or hear it differently.  You should consider whether a discrepancy pertains to an important matter or only to something trivial.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all the other evidence in the case.

1

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

2

3          Certain charts and summaries that have not been received

4   in evidence have been shown to you in order to help explain the

5   contents of books, records, documents or other evidence in the

6   case.  They are not themselves evidence or proof of any facts.  If

7   they do not correctly reflect the facts or figures shown by the

8   evidence in the case, you should disregard these charts and

9   summaries and determine the facts from the underlying evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**14**

**CHARTS AND SUMMARIES IN EVIDENCE**

      Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**

For the Northern District of California

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  Nothing that I have said or done, however, is intended to suggest what your verdict should be--that is entirely up to you to decide.

**United States District Court**
For the Northern District of California

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or court security officer, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing or orally here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the clerk or court security officer that you are ready to return to the courtroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California